ABEL CROOK, Respondent, *v.* GEORGE E. HAMLIN and Others, Appellants, Impleaded with the TRADERS AND TRAVELERS' ACCIDENT COMPANY of New York.

*Testimony taken in the absence of, and not considered by, the trial judge — not a mistrial, there being no dispute as to the facts.*

A judgment in a civil action tried by the court without a jury, will not be vacated on motion on the ground that there has been a mistrial, for the reason that the trial judge did not hear or read all the testimony, it not having been written out by the stenographer, where it appears that the testimony taken in the absence of the judge was so taken before the stenographer by agreement and was undisputed; that when the case was argued, each counsel stated the facts upon which he relied, and there being no dispute about the facts, the judge found it unnecessary to have the testimony written out, there being no necessity for a reference thereto, and the judge found the undisputed facts, and decided the questions of law upon them.

APPEAL by the defendants, George E. Hamlin, Charles Stuart Somerville and Gustav G. Lansing, from an order made at the Special Term of the Supreme Court, and entered in the office of the clerk of Kings county on the 8th day of April, 1893, denying the said defendants' motion to vacate or set aside the judgment entered in this action on the 14th day of January, 1893, upon the ground of alleged irregularities.

*Henry Thompson*, for the appellants.

*John L. Hill*, for the respondent.

DYKMAN, J.:

This is an appeal from an order denying a motion to vacate the judgment in this action, entered upon the decision of a judge after a trial before him at Special Term without a jury.

The motion was made by the defendants against whom the judgment was entered, and was based upon the allegation that the trial judge did not hear all the testimony, and did not read it all because it was not written out by the stenographer by whom it was taken.

The material facts seem to be these : The trial of the action commenced on the 19th day of December, 1892, and testimony was introduced before the judge until recess. The judge did not appear after the recess, and the parties proceeded to take testimony before

the stenographer by agreement during the afternoon and again the next day in the absence of the judge.

The trial was then adjourned by consent until the 30th day of December, 1892, and on that day the judge was present; some further testimony was then taken and the trial was closed; at that time the testimony taken in the absence of the judge was undisputed, to say the least, if it was not agreed upon.

The case was argued before the judge, and it appears that each counsel stated the facts upon which he relied, but there was no dispute about the facts, and the judge found it unnecessary to cause the testimony to be written out as there was no necessity for a reference thereto.

This motion was not based upon errors committed during the trial, because such questions will be examined upon the appeal from the judgment. The claim seems to be that there has been a mistrial or rather no trial according to legal requirements.

We cannot coincide with that view. The trial judge gathered the facts from the concession of the counsel upon the argument, and found the facts undisputed, and decided the questions of law upon that theory.

If there has been error it will be detected and decided upon the appeal, but the motion to vacate the judgment was properly denied, and the order should be affirmed, with ten dollars costs and disbursements.

BARNARD, P. J., concurred; PRATT, J., not sitting.

Order affirmed, with costs and disbursements.